IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GREGORY SCOTT GOODYEAR,<br><br>                Plaintiff,<br><br>vs.<br><br>STATE POLICE OF NEBRASKA, GOVERNOR PETE RICKETTS, LT. COLONEL THOMAS SCHWARTEN, LYNNE WOODY, AND DEPARTMENT OF JUSTICE,<br><br>                Defendants. | 8:16CV525<br><br>**MEMORANDUM AND ORDER** |

Plaintiff filed a Complaint (Filing No. 1) on December 2, 2016, and a Motion for Leave to Proceed in Forma Pauperis (Filing No. 5) on December 20, 2016. Plaintiff's Complaint was deficient because it was not signed. (*See* Filing No. 6.) Plaintiff filed a signed Complaint on January 25, 2017. (Filing No. 1-1.)

As an initial matter, Plaintiff's Motion for Leave to Proceed in Forma Pauperis is insufficient because it is not supported by a financial affidavit. *See* 28 U.S.C. § 1915(a)(1). Notwithstanding this deficiency, there is no need to provide Plaintiff with an opportunity to provide the court with a financial affidavit because review of Plaintiff's Complaint reveals that he fails to state a claim upon which relief may be granted.

## I. SUMMARY OF COMPLAINT

Plaintiff's Complaint names five defendants: the State Police of Nebraska, Governor Pete Ricketts, Lt. Colonel Thomas Schwarten, Lynne Woody, and the Department of Justice. (Filing No. 1-1 at CM/ECF p. 1.) He asserts that he brings his claims pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985. Liberally construed,

Plaintiff alleges that multiple officials in the state of Florida conspired against him to violate his civil rights. (*See id.* at CM/ECF p. 18.) Plaintiff e-mailed documentation of the alleged "conspiracy" to Governor Ricketts' office. (*See id.* at CM/ECF pp. 8, 39.) On October 20, 2015, Lynne Woody of the Nebraska State Patrol responded to Plaintiff's e-mail to Governor Ricketts' office and stated, "After a thorough look at the documentation provided, it appears that the Sheriff is aware of the circumstances and is handling the matter." (*Id.* at CM/ECF p. 39.) Woody copied Lt. Col. Thomas Schwarten in on the e-mail. (*Id.*) Plaintiff emailed Woody back because he was confused why they contacted the Florida sheriff who was involved in the conspiracy. (*Id.* at CM/ECF pp. 8, 18.) Woody replied, "Mr. Goodyear – as stated, we believe this matter is being handled and would recommend that you contact the DOJ in Florida with your questions/concerns. Thank you." (*Id.* at CM/ECF p. 40.) Woody copied Lt. Col. Schwarten in on the e-mail. (*Id.*)

In the Conclusion section of his Complaint, Plaintiff states that he "believes the State Patrol of Nebraska is innocent of Conspiracy in the email Correspondence with the Plaintiff . . . ." (*Id.* at CM/ECF p. 18.) He seeks "only to URGE the Integrity of Lt. Colonel Schwarten, and Lynne Woody of the Nebraska State Patrol and the State level Government of Nebraska." (*Id.*) Plaintiff requests that the Nebraska State Patrol and Governor Ricketts intervene to stop the criminal acts of the Florida officials, and he seeks monetary relief if no action is taken. (*Id.* at CM/ECF pp. 18-19.)

## II. DISCUSSION

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's Complaint reveals no facts that show that Defendants violated his constitutional rights. *See Clark v. Long*, 255 F.3d 555, 559 (8th Cir. 2001) ("In order to establish a violation of constitutional rights under § 1983, the plaintiff must prove that the defendant's unconstitutional action was the 'cause in fact' of the plaintiff's injury."). *See also*, *Lowe v. Letsinger*, 772 F.2d 308, 311 (7th Cir. 1985) (Actions under § 1985(2) and § 1985(3) rely on the existence of racial or other class-based invidious discriminatory animus). Plaintiff admits as such in his Conclusion. Woody merely reviewed Plaintiff's documentation. Woody never stated that she contacted anyone. This action against Defendants will be dismissed for failure to state a claim. The court has no authority to require any of Defendants to intervene in this matter. *See* Fed. R. Civ. P. 24. The court will not give Plaintiff an opportunity to amend his Complaint in this matter because it is obvious that amendment would be futile.

IT IS THEREFORE ORDERED that:

1. This action is dismissed with prejudice for failure to state a claim.

2. Judgment shall be entered by separate document.

Dated this 2nd day of February, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge